UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INES PEREZ SOLIS,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Warden at Otay<br>Mesa Detention Center, et al.,<br><br>                              Respondents. | Case No.:  3:26-cv-01532-RBM-AHG<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Ines Perez Solis's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging the lawfulness of her detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. 1.)  For the reasons below, the Court **GRANTS** the Petition.

## I.    BACKGROUND

Petitioner is a Mexican national who entered the United States in 2003 without being admitted or paroled. (Doc. 1 ¶ 1.)  On March 7, 2026, Petitioner was the passenger in a vehicle that ICE pulled over. (*Id.* ¶ 2.)  The driver of the vehicle told ICE officers that he did not have immigration status and was arrested. (*Id.*)  Petitioner was questioned by ICE officers and, after she declined to answer, was also arrested. (*Id.*)  Petitioner was determined to be inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and placed in removal

1

proceedings pursuant to 8 U.S.C. § 1229a.  (*Id.* ¶ 9.)  The immigration judge found they did not have jurisdiction over Petitioner's bond hearing, citing *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).  (*See id.* ¶ 15; Doc. 5 ¶ 4.)

On March 11, 2026, Petitioner filed her Petition.  (Doc. 1.)  That same day, the Court set a briefing schedule.  (Doc. 2.)  On March 19, 2026, Respondents filed their Return to Petition.  (Doc. 4.)  Petitioner filed her Traverse on March 26, 2026.  (Doc. 5.)

## II.  LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

## III.  DISCUSSION

Petitioner argues that her detention violates the Immigration and Nationality Act; the court's orders in *Bautista v. Santacruz*;[1] the Administrative Procedure Act; the Fifth Amendment's Due Process Clause; and the Fourth Amendment.  (Doc. 1 ¶¶ 49–71.)  Respondents argue that Petitioner is subject to mandatory detention under § 1225(b), but "acknowledge[ ] that Courts in this District have repeatedly reached the opposite conclusion," and that "the facts are not materially distinguishable" here.  (Doc. 4 at 2–3.)

---

[1]  *See Bautista v. Santacruz*, — F. Supp. 3d. —, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).  As the Court noted in its Order to Show Cause, the Ninth Circuit has stayed the judgment of *Bautista* insofar as it extends beyond the Central District of California.  (Doc. 2 at 1 (citations omitted).)

3:26-cv-01532-RBM-AHG

The Court has granted petitions filed by similarly-situated petitioners. *See, e.g.,* *Silvestre-Mendoza v. Noem*, Case No.: 3:25-cv-03206-RBM-DDL, 2025 WL 3512410, at *1–2 (S.D. Cal. Dec. 8, 2025). In that decision, the Court found that "'a proper understanding of the relevant statutes, in light of their plain text, overall structure, and . . . case law interpreting them, compels the conclusion that § 1225's provisions for mandatory detention of noncitizens seeking admission [do] not apply to someone like [the petitioner],' who has been residing in the United States" for many years. *Id.* at *1 (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025)). The Court incorporates its reasoning in *Silvestre-Mendoza*, and makes the same findings, here.

There is no dispute that Petitioner was detained on March 7, 2026, after having resided in the United States for over 20 years. (Doc. 1 ¶¶ 1–2.) Therefore, the discretionary detention procedures of § 1226 govern Petitioner's detention, and the Petition must be granted. The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

### IV.    CONCLUSION[2]

For the foregoing reasons, the Petition is **GRANTED**. Accordingly:

---

[2] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

3

3:26-cv-01532-RBM-AHG

1. Respondents are **ORDERED** to immediately release Petitioner from custody.

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  Respondents shall bear the burden of establishing, by clear and convincing evidence,[3] that Petitioner poses a danger to the community or a risk of flight.[4]

   **IT IS SO ORDERED.**

DATE:  March 26, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[3] *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").

[4] This relief has been granted in similar matters.  *See E.A. T.-B*, 795 F. Supp. 3d at 1324; *Duong v. Kaiser*, 800 F. Supp. 3d 1030, 1043–44 (N.D. Cal. 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119–20 (E.D. Cal. 2025).

4

3:26-cv-01532-RBM-AHG